**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**Petition for Relief from a Conviction or Sentence
By a Person in State Custody
(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)**

**INSTRUCTIONS**

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from conviction of the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Your habeas corpus petition must be filed within the 1-year statute of limitations time limit set forth in 28 U.S.C. § 2244(d)(1). (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, see Federal Rules of Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, see United States v. Thomas, 221 F. 3d 430 (3d Cir. 2000)).

4. Make sure the form is typed or neatly written.

5. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

6. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or argument, you must submit them in a separate memorandum.

7. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out an Application to Proceed in District Court without Prepaying Fees or Costs. **Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you**.

8.     In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

9.     As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition. 28 U.S.C. § 2254(b)(2) provides that the federal court may deny your petition on the merits even if you have not exhausted your remedies.

10.     As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that was presented in a prior habeas corpus petition.

11.     As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that was not presented in a prior habeas corpus petition unless you show:

    (A)     the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable; or

    (B)     (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.

Before such a second or successive petition may be filed in the district court, however, the petitioner must move in the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

12.     When you have completed this form, send the original and **these instructions** to the Clerk of the United States District Court at this address:

> **Clerk**
> **United States District Court**
> **for the Eastern District of Pennsylvania**
> **601 Market Street, Room 2609**
> **Philadelphia, PA 19106**

Pa 580

13. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge and you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

14. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
# BY A PERSON IN STATE CUSTODY

| **United States District Court** | **District:** Eastern District of Pennsylvania |
|---|---|
| **Name (under which you were convicted):** Major George Tillery | **Docket or Case No.:** |
| **Place of Confinement:** SCI Chester | **Prisoner No.:** AM 9786 |
| **Petitioner** (Include the name under which you were convicted):<br>Major G. Tillery | **Respondent** (Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner):<br>Kenneth Eason, Acting Superintendent, State Correctional Institution at Chester<br>and<br>v.<br>**The District Attorney of the County of:** Philadelphia<br>and<br>**The Attorney General of the State of:** Pennsylvania |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Philadelphia County Court of Common Pleas, Criminal Division
   1400 John F. Kennedy Blvd.
   Philadelphia, PA 19107

   (b) Criminal docket or case number (if you know): CR-51-CR-0305681-1984

2. (a) Date of judgment of conviction (if you know): May 29, 1985

   (b) Date of sentencing: December 9, 1986

3. Length of sentence: Life imprisonment without the possibility of parole, with consecutive 5-10 year sentence

4. In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Murder in the first degree, criminal conspiracy, possessing instruments of crime generally and aggravated assault.

Pa 582

6. (a) What was your plea? (Check one)

    ☒ (1)   Not Guilty     ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty     ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? __N/A__

___

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☒ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes     ☒ No

8. Did you appeal from the judgment of conviction?

    ☒ Yes     ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Superior Court of Pennsylvania

(b) Docket or case number (if you know): 3297 PHL 1986

(c) Result: Conviction affirmed

(d) Date of result (if you know): May 30, 1989

(e) Citation to the case (if you know): Com. v. Tillery, 563 A.2d 195 (Pa. Super. 1989) (unpub.)

(f) Grounds raised: Prosecutorial misconduct, prosecutorial misconduct during closing argument, ineffective assistance of trial counsel, wrongful grant of protective order concerning trial witness (Robert Mickens) based on surprise, prejudicial testimony unduly influencing jury from trial witness (Robert Mickens).

(g) Did you seek further review by a higher state court?

    ☒ Yes     ☐ No

If yes, answer the following:

(1) Name of court: __Supreme Court of Pennsylvania__

(2) Docket or case number (if you know): __Unknown__

(3) Result: __Denial of allocatur__

(4) Date of result (if you know): __March 5, 1990__

(5) Citation to the case (if you know): __Com. v. Tillery, 593 A.2d 841 (Pa. 1990) (unpub.)__

(6) Grounds raised: __Same as court below__

_____
_____
_____

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(i) Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

☒ Yes    ☐ No

10. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: __Philadelphia County Court of Common Pleas__

(2) Docket or case number (if you know): __March Term, 1984 - Docket No. unknown__

(3) Date of filing (if you know): __February 18, 1996__

(4) Nature of the proceeding: __PCRA Petition__

(5) Grounds raised: __Ineffective assistance of trial counsel, Joseph Santaguida, based on trial counsel's prior representation of John Pickens, the surviving victim of the shooting Petitioner was allegedly involved in. This was the sole claim.__

_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:
  (1) Name of court: Philadelphia County Court of Common Pleas
  (2) Docket or case number (if you know): CP-51-CR-0305681-1984
  (3) Date of filing (if you know): August 13, 2007
  (4) Nature of the proceeding: PCRA Petition
  (5) Grounds raised:
   1) A claim that the Commonwealth suppressed evidence of a plea deal that the primary witness, Emanuel Claitt, would received no more than 10 years on charges for which he was sentenced on September 17, 1981.
   2) A claim that the Commonwealth suppressed, and knowingly permitted perjured testimony concering, plea deals offered to an alleged eyewitness, Robert Mickens.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:
  (1) Name of court: Philadelphia County Court of Common Pleas
  (2) Docket or case number (if you know): CP-51-CR-0305681-1984
  (3) Date of filing (if you know): June 15, 2016
  (4) Nature of the proceeding: PCRA Petition
  (5) Grounds raised: 1) Factual Innocence
   2) Intentional fabrication of testimony, knowingly permitting perjured testimony to be presented, suppression of impeachment and exculpatory evidence by the Commonwealth, and prosecutorial misconduct.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes   ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion:

(1) First petition: ☒ Yes ☐ No
(2) Second petition: ☒ Yes ☐ No
(3) Third petition: ☒ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
_____
_____

11. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
Factual Innocence; Conviction Arising From a Fundamental Miscarriage of Justice; Gross Prosecutorial Misconduct; Gateway Claim of Actual Innocence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

As more fully set out in the attached petition, both alleged eyewitnesses at Petitioner's trial state that their entire substantive testimony at trial was false and manufactured by the Commonwealth, and that the Commonwealth solicited perjured testimony regarding plea deals offered to both witnesses.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

The claims are exhausted. They were raised in Petitioner's third (2016) PCRA and appealed to the Supreme Court of Pennsylvania.

**(c) Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☐ Yes     ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why?

The Commonwealth concealed evidence of the plea deals, as well as the threats and inducements provided to the witnesses, at trial and afterwards.

**(d) Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes     ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **PCRA Petition**

Name and location of the court where the motion or petition was filed: **Philadelphia County Court of Common Pleas**

Docket or case number (if you know): **CP-51-CR-0305681-1984**

Date of the court's decision: **September 26, 2016**

Result (attach a copy of the court's opinion or order, if available): Petition denied on state (PCRA) timeliness grounds. A copy of the opinion is included in the exhibits to the attached petition.

    (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

    (4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        ☒ Yes     ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Superior Court of Pennsylvania**

Docket or case number (if you know): **3270 EDA 2016**

Date of the court's decision: **June 11, 2018**

Result (attach a copy of the court's opinion or order, if available): _____
_____PCRA court decision affirmed; allocatur denied by Supreme Court of Pennsylvania_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____
_____N/A_____

**GROUND TWO:** ___The Commonwealth Manufactured False Inculpatory Evidence and Suppressed Material, Exculpatory Evidence in Violation of Due Process (Napue/Brady)___

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
___As more fully set out in the attached petition, the Commonwealth knowingly permitted, and manufactured, perjured testimony including all the substantive testimony at trial. The Commonwealth also concealed the existence of open charges and plea deals received by the two alleged eyewitnesses, Emanuel Claitt and Robert Mickens.___

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____
___The claims are exhausted; they were appealed to the Supreme Court of Pennsylvania.___

**(c) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why? _____

The Commonwealth concealed evidence of the plea deals, as well as the

threats and inducements provided to the witnesses, at trial and afterwards.

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ___PCRA Petition___

Name and location of the court where the motion or petition was filed: _____

Philadelphia County Court of Common Pleas

Docket or case number (if you know): ___CP-51-CR-0305681-1984___

Date of the court's decision: ___September 26, 2016___

Result (attach a copy of the court's opinion or order, if available): _____

Denial of relief on state (PCRA) timeliness grounds. A copy of the decision

is included in the exhibits to the attached Petition.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No
(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Superior Court of Pennsylvania

Docket or case number (if you know): ___3270 EDA 2016___

Date of the court's decision: ___June 11, 2018___

Result (attach a copy of the court's opinion or order, if available): _____

PCRA Court decision affirmed. A copy of the opinion is included in the

exhibits to the attached Petition.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

N/A
_____

_____

_____

**GROUND THREE:** _____
_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_____
_____
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____
_____
_____
_____

(c) **Direct Appeal of Ground Three:**

　(1) If you appealed from the judgment of conviction, did you raise this issue?

　　☐ Yes　　☐ No

　(2) If you did not raise this issue in your direct appeal, explain why? _____
_____
_____

(d) **Post-Conviction Proceedings:**

　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　☐ Yes　　☐ No

　(2) If your answer to Question (d)(1) is "Yes," state:

　　Type of motion or petition: _____

Pa 590

Name and location of the court where the motion or petition was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
    ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:
    Name and location of the court where the appeal was filed: _____
    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____
    _____
    _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____
_____
_____

**GROUND FOUR:** _____
_____
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_____
_____
_____

_____
_____
_____

\
(b)  If you did not exhaust your state remedies on Ground Four, explain why: _____
_____
_____
_____
_____

**(c) Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   ☐ Yes    ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why? _____
   _____
   _____

**(d) Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☐ Yes    ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____
   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____
   _____

   (3) Did you receive a hearing on your motion or petition?   ☐ Yes    ☐ No
   (4) Did you appeal from the denial of your motion or petition?   ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____
_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____
_____
_____
_____
_____

12. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

☒ Yes  ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____
_____
_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

All the claims in this Petition were raised in Petitioner's 2016 PCRA petition.

13. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

☒ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

Petitioner filed a pro se petition for habeas corpus in the U.S. District Court for the Eastern District of Pennsylvania. Docket No. 2:99-cv-065160-BWK (filed Dec. 22, 1999)

The grounds raised were the same as Petitioner's first (1996) PCRA petition.

An interlocutory appeal was taken to the Third Circuit, No. 00-3818. The petition was denied on July 29, 2003. An appeal was taken to the Third Circuit, which denied relief on July 29, 2005 (No. 03-3616). Opinions are in the exhibits to attached Petition.

14. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:

15. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Joseph Santaguida, 121 S. Broad St., Philadelphia, PA 19102

(b) At arraignment and plea: Joseph Santaguida, 121 S. Broad St., Philadelphia, PA 19102

Pa 594

(c) At trial: __Joseph Santaguida, 121 S. Broad St., Philadelphia, PA 19102__

(d) At sentencing: __Joseph Santaguida, 121 S. Broad St., Philadelphia, PA 19102__

(e) On appeal: __James S. Bruno, 150 S. Easton Rd., Glenside, PA 19038__

(f) In any post-conviction proceeding: __Richard P. Hunter, Jr., 522 Lincoln Hill Rd., Newtown, PA 18940;__
__Brian J. McMonagel, 1845 Walnut St., 19th Floor, Philadelphia, PA 19103__

(g) On appeal from any ruling against you in a post-conviction proceeding: ___
__Stephen P. Patrizio, 1500 JFK Boulevard, Suite 1205, Philadelphia, PA 19102__

16. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

☐ Yes   ☒ No

(a) If so, give the name and location of the court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

☐ Yes   ☐ No

17. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition*
__As detailed in the attached Petition, Petitioner qualifies for an equitable exception__
__to AEDPA's statute of limitations. He raises a gateway claim of actual innocence__
__(a Schlup claim) based on the falsification of the entirety of the substantive evidence__
__against him at trial, based on the declarations of the only two alleged eyewitnesses to__
__the shooting he was convicted of. Petitioner also qualifies for equitable tolling, on the__
__basis that he has exercised due diligence and shows extraordinary circumstances.__

Pa 595

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _____
_____1) Grant an evidentiary hearing and discovery;_____
_____2) Reverse his conviction; 3) Bar re-trial, and_____
_____4) Issue a writ of habeas corpus and order his immediate release,_____
or any other relief to which petitioner may be entitled.


_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____N/A_____.
*(month, date, year)*

Executed (signed) on __4/30/20__ (date).

_____
Signature of Petitioner

If the person signing is not the petitioner, state the relationship to petitioner and explain why petitioner is not signing this petition. _____
_____Although this form is signed by the Petitioner, it is being mailed and served_____
_____from outside the prison system, as detailed in the attached Certificate of Service._____
_____
_____