E.D. Pa. Pro Se Notice, *approved February 11, 2019*

FROM THE OFFICE OF THE CLERK OF COURT,
THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Date:   6/30/2020

Case caption:   TILLERY v. EASON et al

Case number:   20-2675

Case assigned to:   PETRESE B. TUCKER

**Please put the case number on all documents you submit to the Court regarding this case. Please do not contact the Judge's chambers directly about your case. Any inquiries about your case should be directed to the Clerk's Office.**

# NOTICE OF GUIDELINES FOR REPRESENTING YOURSELF (APPEARING "PRO SE") IN FEDERAL COURT

The purpose of this notice is to inform you that the Court has received your filing, and to give you some information about proceeding in your case. The information in this document is also available on the Court's website.

**Appearing *Pro Se***:  If you represent yourself in Court, you are called a "*pro se* litigant" or a "self-represented litigant."  "*Pro se*" is a Latin term, meaning "on one's own behalf" and a "litigant" is someone who is either suing someone or is being sued in Court.  The right to appear *pro se* in a civil case in federal court is contained in a statute, 28 U.S.C. § 1654.  There are, however, certain limitations to self-representation, including: (1) in general, a *pro se* litigant may only bring claims on his or her own behalf; (2) corporations must be represented by an attorney; (3) a *pro se* litigant may not represent a class in a class action; and (4) a power of attorney does not permit a *pro se* litigant who is not an attorney to represent another person in federal court.

**Scope of These Guidelines**:  This document is intended to provide some basic guidelines to litigants who are proceeding without an attorney in civil cases.  It is not intended as legal advice and is not a substitute for checking the rules that apply in your case.  Please note that separate guidelines may apply in *habeas* cases, which are cases in which a litigant is challenging the constitutionality of his or her criminal conviction or sentence, and asking for release from prison or that the conviction be vacated.

**Current Address**:  The Court will send orders or notices filed in your case to you at the address you provided to the Court.  It is important to keep the Court and opposing counsel, if any, advised of your current address.  Failure to do so could result in Court orders or other information not being timely delivered, which may result in your case being dismissed for failure to prosecute or otherwise affect your legal rights.  The Court's local rules require you to file a notice of change of

E.D. Pa. Pro Se Notice, *approved February 11, 2019*

address with the Clerk of Court within fourteen (14) days of an address change. *See* Local Rule 5.1(b).

**Pennsylvania Department of Corrections (DOC) Mail Policy**: In accordance with the Pennsylvania DOC's policy number DC-ADM 803, Court mail must be sent to an inmate within DOC custody at the facility where the inmate is housed. Accordingly, inmates confined within the DOC should provide the Court with the address for the facility in which they are housed for purposes of the docket. Inmates should not provide the Court with the address for SMART COMMUNICATIONS, which is the contractor handling non-privileged inmate mail, because Court mail cannot be received at that address.

**Form of Submitted Documents**: All documents you submit to the Court should be in the form of a pleading (*e.g*, complaint, amended complaint), notice, motion, brief, or supporting memorandum of law. **Please put the civil action number of your case on all documents you file in your case**. **If you are asking the Court to act, you must file a motion**. Any motion should include the caption of your case and the case number, have a title including the word "motion," and state the relief you would like from the Court. You should also sign and date any documents that you file with the Court. Please do not send letters to the presiding Judge or Court staff. Letters are generally not considered part of the record.

**Privacy Protection**: Federal Rule of Civil Procedure 5.2 prohibits litigants in a non-habeas proceeding from submitting documents that contain personal information. Unless the Court orders otherwise, personal identifying information in Court filings must be limited as follows:

- Social security numbers, taxpayer-identification numbers, and financial account numbers must include only the last four digits (e.g., xxx-xx-1234)
- Birth dates must include the year of birth only (e.g., xx/xx/2000)
- Names of persons under the age of 18 must be indicated by initials only (e.g., A.B.)

You are responsible for protecting the privacy of this information in your filings. If your filings contain any information that does not comply with this rule, please black out that information before sending your filing to the Court.

**Proceeding *In Forma Pauperis***: If you cannot afford to pay the $350 filing fee and $50 administrative fee to file your civil case, you may file a motion to proceed without prepayment of those fees (this is called proceeding *in forma pauperis*). If the Judge in your case allows you to proceed *in forma pauperis*, you will be permitted to proceed without prepayment of the filing fee. If you are a prisoner, however, you will be obligated to pay the filing fee in installments (see the notice to prisoner litigants). Please note that even if you are proceeding *in forma pauperis*, you must pay for copies of documents in your case.

**Notice to Prisoner Litigants:** The filing date reflected on the Court's docket shows the date your filing was received by the Court. It may not be the legal filing date for your pleading. If you are a prisoner litigant who is proceeding *in forma pauperis* in a civil case, you will still be

E.D. Pa. Pro Se Notice, *approved February 11, 2019*

obligated to pay the entire $350 filing fee in installments in accordance with the Prison Litigation Reform Act (PLRA) regardless of the outcome of your case. *See* 28 U.S.C. § 1915(b). The Court does not have the authority to waive that requirement. You will not be entitled to the return of payments made toward the fee for any reason, even if your case is dismissed before service in accordance with laws that require the Court to screen *in forma pauperis* cases and cases filed by prisoners. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A. If you filed a petition for a writ of *habeas corpus*, the filing fee is $5.00. If you are granted leave to proceed *in forma pauperis* in a *habeas* case, you are not required to pay the filing fee.

**Screening Requirements**: Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, the Court screens all civil cases filed by prisoners, whether the prisoner pays the filing fee and administrative fee upfront or is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court also screens all civil cases in which a plaintiff who is not a prisoner has been granted leave to proceed *in forma pauperis*. As soon as an Order is issued, a copy will be mailed to you. The Court generally will not appoint counsel, rule on motions, serve your Complaint on the Defendant(s), or require an Answer until after the screening process is complete.

**Service**: If you filed a motion to proceed without prepaying the filing fee (*in forma pauperis*) and the Court grants your motion, the Court will direct service on your behalf. The Clerk's Office will not issue summonses in your case or direct service unless your motion to proceed *in forma pauperis* is granted and the Judge in your case directs service. You may be required to complete forms (USM-285 forms) so that service can be made in your case. If you receive those forms in the mail, please complete them and return them to the U.S. Marshals Service. Failure to do so may result in the dismissal of your case. If you paid the fees for your case, the Clerk's Office will issue summonses to you, and you are responsible for serving the defendants in this case in the manner and time described in Federal Rule of Civil Procedure 4. Please note that if you are suing the United States, its agencies, corporations, officers, or employees, you must comply with Federal Rule of Civil Procedure 4(i).

**Contacting the Court**: Do not send documents directly to the District Judge or Magistrate Judge assigned to your case. All documents must be filed with the Clerk of Court at one of the following addresses:

> Clerk of Court, EDPa
> James A. Byrne U.S. Courthouse
> Room 2609
> 601 Market Street
> Philadelphia, PA 19106

> Clerk of Court, EDPa
> Edward N. Cahn U.S. Courthouse &
> Federal Building
> 504 W. Hamilton Street
> Allentown, PA 18101

You may file documents in your case in person at the above address or by mail. If you would like permission to file documents electronically, you must file a motion seeking permission from the Judge assigned to your case. *See* Local Rule 5.1.2(4)(b). If you are given permission to file electronically, the Judge may terminate your electronic filing privileges if you abuse the system by excessive filings, either in number or length.

E.D. Pa. Pro Se Notice, *approved February 11, 2019*

**Sending Documents to Opposing Parties**: All pleadings and other papers submitted to the Court must be served on opposing counsel for all other parties, or directly on any parties representing themselves (proceeding *pro se*). Service may be made by mail. You must let the Clerk know that you served your papers on the other parties by completing a certificate of service showing the date and manner of service and attaching it to the original of the documents and all copies before you send them to the Court. An example of a certificate of service by mail follows:

"I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).

_____

(Signature)"

**Legal Advice:** The District Judges, Magistrate Judges, *Pro Se* Law Clerks and other Court staff cannot provide you with legal advice, meaning they cannot tell you what type of motion to file or advise you on other legal issues. However, Court staff can provide you with the proper forms and inform you of the status of your case. The Clerk of Court and other Clerk's Office staff do not have the authority to take any action with respect to your case unless a Judge or rule authorizes the Clerk to do so.

**Rules that Apply to Your Case:** Your case is subject to the Federal Rules of Civil Procedure and the Eastern District of Pennsylvania's Local Rules of Civil Procedure, which you can find on the Court's website. One important rule to be aware of is Local Rule 7.1, which requires you to file and serve a proper response to all motions within fourteen (14) days unless the Judge assigned to your case directs otherwise. If you need more time to respond to a motion or comply with a deadline, you must file a motion for an extension of time. If your case is transferred to another district, the local rules in that district will apply to your case.

**Discovery:** Please review Local Rule 26.1(f), which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." That means you must attempt to resolve any discovery disputes by contacting defendant's counsel directly by telephone or through correspondence before you ask the Court for help with discovery matters. You are responsible for sending your discovery requests to the opposing party or parties in your case. Please note that interrogatories, requests for production and inspection, requests for admission, and responses to discovery requests are generally not filed with the Court. *See* Local Rule 26.1.

**Appeals:** If you want to appeal the dismissal of your case, you must file a notice of appeal in your district court case. *See* Federal Rule of Appellate Procedure 3(a). For more information

E.D. Pa. Pro Se Notice, *approved February 11, 2019*

about the appeals process, please see the website for the Third Circuit Court of Appeals for more information or contact the Third Circuit Court of Appeals.

**THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY.  PLEASE DO NOT FILE ANY RESPONSES TO THIS NOTICE WITH THE COURT.**