# EXHIBIT C
# Superior Court Opinion
# Affirming denial of
# Second PCRA Petition

J. S40031/09

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| MAJOR G. TILLERY, | : | |
| Appellant | : | No. 2937 EDA 2008 |

Appeal from the PCRA Order of September 9, 2008,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No. CP-51-CR-0305681-1984

BEFORE:  GANTMAN, KELLY and COLVILLE*, JJ.

MEMORANDUM: **FILED JULY 15 , 2009**

This case is an appeal from the order dismissing Appellant's petition under the Post Conviction Relief Act ("PCRA").  Finding Appellant's petition untimely, we affirm the dismissal.

### *Facts*

Appellant was convicted of murder and related offenses.  On appeal, this Court affirmed his judgment of sentence.  ***Commonwealth v. Tillery***, 563 A.2d 195 (Pa. Super. 1989) (unpublished memorandum).  On March 5, 1990, the Pennsylvania Supreme Court denied his petition for allowance of appeal.  ***Commonwealth v. Tillery***, 593 A.2d 841 (Pa. 1990).

---

*Retired Senior Judge assigned to the Superior Court.

J. S40031/09

In a separate case, Appellant was convicted of, *inter alia*, arson. This Court affirmed his judgment of sentence on March 15, 1989. **Commonwealth v. Tillery**, 560 A.2d 830 (Pa. Super. 1989) (unpublished memorandum). He did not file a petition for allowance of appeal.

In 2007, Appellant filed the instant PCRA petition, his second on each case.[1] In his petition, Appellant claimed the Commonwealth withheld exculpatory and/or impeachment information from him prior to trial. More specifically, Appellant contended that, in return for testifying against him, certain Commonwealth witnesses were to receive, or had already received by the time of his trial, favorable treatment from the Commonwealth. The favorable treatment included immunity from prosecution and/or reduced sentencing on the witnesses' own criminal charges. Appellant's position was that the favorable treatment constituted undisclosed exculpatory or impeachment material. Similarly, Appellant also contended the Commonwealth allowed one or more of the witnesses to testify falsely by denying or understating the extent of the favorable treatment.

---

[1] The petition addresses both of Appellant's cases. While Appellant should have filed separate petitions, one at each case number, the PCRA court accepted his petition as filed and dismissed the petition through a single order now on appeal before us. Given the PCRA court's acceptance of the petition as filed and the fairly evident untimeliness of Appellant's PCRA requests, we see no reason to remand this matter to have the two cases treated separately.

J. S40031/09

In his petition, Appellant cited to numerous documents such as transcripts from various proceedings and letters from the Commonwealth (*e.g.*, a letter to the judge who was to sentence one of the aforesaid witnesses). The documents supposedly demonstrated the favorable treatment, the Commonwealth's failure to disclose it and the witnesses' false testimony about the favorable treatment.

Proceeding under Pa.R.Crim.P. 907, the PCRA court issued a notice of intent to dismiss the petition as being untimely. Subsequently, the court dismissed the petition on that basis. Appellant then filed this appeal.

### ***Legal Principles***

In order to be timely, a PCRA petition, including a second or subsequent one, must normally be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the end of direct review, including discretionary review in the Pennsylvania or U.S. Supreme Court, or at the expiration of time for seeking such review. *Id.* at (b)(3).

The time period for seeking review in the Pennsylvania Supreme Court is thirty days from the entry of our order sought to be reviewed. Pa.R.A.P. 1113(a). Ninety days is the period for petitioning the U.S. Supreme Court for a writ of *certiorari* after the Pennsylvania Supreme Court enters an order disposing of a case. Sup.Ct.R. 13.

J. S40031/09

Despite the normal one-year deadline, the PCRA provides three statutory exceptions to the time bar. *See* 42 Pa.C.S.A. § 9545(b)(1) (setting forth exceptions based on governmental interference, newly discovered facts and/or a newly announced retroactive constitutional right). The exception for newly discovered facts requires the petitioner to plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Id.* at (b)(1)(ii). Where a petitioner invokes one or more of the aforesaid exceptions, the PCRA petition must be filed within sixty days of when the claim could have been brought. *Id.* at (b)(2). Ultimately, if a PCRA petition is untimely, the PCRA court lacks jurisdiction to entertain it. **Commonwealth v. Hawkins**, 953 A.2d 1248, 1252 (Pa. 2006).

When considering a PCRA court's denial of relief, our standard of review is limited to determining whether the court's ruling is supported by the record and is free of legal error. **Commonwealth v. Treadwell**, 911 A.2d 987, 989 (Pa. Super. 2006). An appellant has the burden to persuade us that the PCRA court erred and that relief is due. **Commonwealth v. Wrecks**, 931 A.2d 717, 722 (Pa. Super. 2007).

## Analysis

Appellant's judgment of sentence on his murder case became final in June 1990 when the time for seeking a writ of *certiorari* in the U.S. Supreme

J. S40031/09

Court expired.  On his arson case, his judgment of sentence became final in April 1989, thirty days after the entry of our affirmance.  The instant PCRA petition was not filed until 2007 and was, therefore, facially late.

To overcome this untimeliness, Appellant attempts, as he did in the PCRA court, to invoke the exception for newly discovered facts.  In particular, he claims that, within sixty days before he filed his petition, he discovered the transcripts and Commonwealth letters on which he relies to substantiate his claims.  However, those documents all appear to be from the 1980s.  Even to the extent Appellant might not have known about the facts contained therein until recently, he fails to show us why he could not have discovered those facts by due diligence at some earlier date.  As such, he fails to convince us he is entitled to a time-bar exception under 42 Pa.C.S.A. § 9545(b)(1)(ii).

Accordingly, Appellant has not persuaded us of any legal or factual error in the PCRA court's dismissal of his petition on the grounds that the petition was late and that the court therefore lacked jurisdiction. Consequently, we will not disturb the court's ruling and we affirm the dismissal.

Order affirmed.

J. S40031/09

- 6 -

Judgment Entered.

*[signature]*
Prothonotary

Date:_____