# EXHIBIT H

## Commonwealth v. Claitt

N.T. 12/16/87

(as excerpted by petitioner)

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
(CRIMINAL TRIAL DIVISION)

FEB 24 1988

- - -

| | | |
|---|---|---|
| COMMONWEALTH | : | MAY TERM 1983 |
| | | 3764 - Carry. Firearms Pub. St. |
| | : | Carry. Firearms W/O Lic. |
| vs. | : | 3765 - PIC Genly. |
| | : | PIC Weapon |
| | | 3766 - Criminal Conspiracy |
| | : | 3767 - Robbery |
| | | 3768 - Theft Unl. Tak/Disp. |
| EMANUEL CLAITT | : | Theft RSP |

ROOM 625, CITY HALL
PHILADELPHIA, PENNSYLVANIA

- - -

WEDNESDAY, DECEMBER 16, 1987     *SAME CASE*

- - -

BEFORE: HONORABLE WILLIAM J. MANFREDI, J.

- - -

APPEARANCES:

    JEFFREY KOLANSKY, ESQUIRE
    and PATRICIA CASSIDY, ESQUIRE
    Assistant District Attorney
    For the Commonwealth

    BRIAN WILLIAMS, ESQUIRE
    For the Defendant

- - -

30-362 (Rev. 2/87)

        TRIAL COMMISSIONER McNICHOLS: 39 on Your Honor's list, Emanuel Claitt.

        MR. KOLANSKY: I'd like to make a record in this case, and Miss Cassidy may interject something if I'm in error.

        This case was first called for trial on Monday, at least at this listing. Mr. Hart was the Assistant District Attorney at that time, and he announced ready in the room at that time. It was sent out to Courtroom 633, which we found out the police officer was in the district, the gun had been escheated to the State, and the witness had failed to appear.

        We asked for a bench warrant, and we received it. We recovered the gun from Harrisburg by State Police Transport and proceeded with the motion to suppress that afternoon.

        We continued with the motion to suppress the next morning. The witness was picked up I believe by Detective Schnell, from the Homicide Unit, on a bench warrant, was picked up that morning and brought into court.

        During the ruling on the motion to suppress sometime yesterday in Courtroom 633, the witness who had been picked up on the bench

30-362 (Rev. 2/87)

warrant -- he was not in custody, because he indicated he would stay in the room -- left the presence of Room 633 or left the vicinity of Room 633 and failed to appear. A second bench warrant or a continuing bench warrant was then ordered by Judge Biunno. The witness did not return yesterday. A subsequent follow-up bench warrant was ordered.

There was an attempt to serve the bench warrant yesterday afternoon and I believe overnight as well.

MS. CASSIDY: One o'clock in the morning.

MR. KOLANSKY: One o'clock in the morning, six o'clock in the morning, and numerous other attempts of various types were made to obtain that particular witness, whose name is --

MS. CASSIDY: Ruben Lee.

MR. KOLANSKY: Ruben Lee.

As of this juncture, at 10:10 on the third day in effect of trial in this matter or what would have been trial in this matter, the witness has not been located, is not present. We are otherwise ready in all aspects to proceed, but are unable to do so because of the lack of

30-362 (Rev. 2/87)

discharge this case.

MR. KOLANSKY: There's no such motion, as I understand it.

MR. WILLIAMS: Move to trial at this point.

THE COURT: Well, under the circumstances, since there may be some issues that have to be resolved here, the District Attorney would like to satisfy himself there was no intimidation or any other means used to prevent the witness from being here, I would entertain his motion to grant the nolle pros as opposed to another disposition of the case.

Nolle pros ordered.

MR. KOLANSKY: Thank you, Your Honor.

- - -

30-362 (Rev. 2/87)