IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAJOR GEORGE TILLERY**, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **KENNETH EASON**, et al., | : | No. 20-2675 |
| Respondents. | : | |

**MOTION TO STAY**

Major George Tillery's successive petition for a writ of habeas corpus is pending before this Court after the Third Circuit authorized him to file it. The Commonwealth previously filed a response arguing that Tillery's petition should be dismissed. After careful review, the Commonwealth moves to stay Tillery's case to allow the parties to proceed with voluntary discovery. To explain why a stay to allow discovery is appropriate at this stage, after it already filed a response, the Commonwealth acknowledges that its prior response contained errors, as explained below. The Commonwealth does not at this time take a position on whether Tillery is entitled to habeas relief.

Tillery was tried in 1985 for the murder of John Hollis in a North Philadelphia pool hall almost 10 years earlier. He was convicted of first-degree murder and related offenses and sentenced to life without parole. After his previous state- and federal-court challenges to his conviction failed, in 2020 the Third Circuit authorized him under 28 U.S.C. § 2244(b)(3) to file a successive habeas petition. *In re: Major G. Tillery*, No. 20-1941, ECF No. 1. With-

out assistance of counsel, Tillery then filed a habeas petition and memorandum of law. ECF No. 2-1. In it, Tillery asserts his actual innocence and alleges that the prosecution manufactured false evidence and suppressed exculpatory evidence involving the prosecution's two key witnesses against him, Emanuel Claitt and Robert Mickens, both of whom recanted after trial.

Earlier this year, the Commonwealth responded, urging the Court to deny Tillery's petition with prejudice, without a hearing, and without a certificate of appealability, and arguing that his petition does not meet the successor-petition requirements and is untimely, procedurally defaulted, and meritless. ECF No. 13. Still without counsel, Tillery filed a 30-page reply, arguing that the Commonwealth's response contains serious errors and does not support dismissal. ECF No. 16. On December 7, counsel for Tillery entered their appearances. ECF Nos. 20, 21.

After careful review of the case in light of Tillery's reply, the Commonwealth now moves to stay the case to allow voluntary discovery. It does so based on its recognition that the prosecutor's "interest 'in a criminal prosecution is not that he shall win a case, but that justice shall be done.'" *Dennis v. Secretary, Pa. Dept. of Corrs.*, 834 F.3d 263, 290 (3d Cir. 2016) (en banc) (internal alteration omitted) (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)).

### A. The Commonwealth's previous response advanced arguments that are foreclosed by controlling precedent.

Staying the case to permit discovery is appropriate because the Commonwealth's prior response, in arguing that Tillery's petition should be immediately dismissed, relied on four main arguments that are foreclosed under controlling law. Acknowledging these four errors is necessary, both to

meet the Commonwealth's ethical duty of candor to tribunal, Pa. Rule of Professional Conduct 3.3(a)(1), and to demonstrate why a stay to permit discovery, rather than dismissal, is appropriate at this stage.

*First*, the prior response relied on the position that recantation evidence is categorically excluded from supporting an actual-innocence showing and is inherently unreliable. Response 18 ("recantations do not qualify as 'reliable'"); *see also id.* at 19, 52, 60, 62 (similar assertions).

As Tillery's reply correctly observes, this position is foreclosed by the Third Circuit's decision in *Howell v. Superintendent Albion SCI*, 978 F.3d 54, 60 (3d Cir. 2020). *Howell* rejected the argument that recantation evidence can be categorically rejected as actual-innocence evidence. *Id.* (stating that, while a recantation without corroborating evidence or circumstances will probably fall short of the actual-innocence reliability standard, "that does not mean that recantation evidence is to be categorically rejected. On the contrary, there are no categorical limits on the types of evidence that can be offered under *Schlup [v. Delo*, 513 U.S. 298 (1995)]") (internal quotation marks and citation omitted). And *Howell* rejected the argument that recantations are inherently unreliable. *Id*. ("In declaring the recantations here to be unreliable simply because they are recantations, the District Court's *Schlup* analysis went astray.").

*Second*, in a related argument the response twice asserted that Tillery's recantation evidence cannot be reliable because recantations are not one of the three types of reliable evidence named in *Schlup*. Response at 18, 52 ("Affidavits of recantation do not fall into any type of reliable evidence—exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—identified in *Schlup*"). But after *Schlup* the Supreme Court "clarified that credible, actual innocence evidence was not limited to

these three types of evidence." *Reeves v. Fayette SCI*, 897 F.3d 154, 162 n. 7 (3d Cir. 2018) (citing *House v. Bell*, 547 U.S. 518, 537 (2006)). That precedent, which the prior response does not address, forecloses this argument.

*Third*, the prior response relied on the position that Tillery's *Brady* claim should be dismissed because, by failing to seek out exculpatory evidence that he alleges the Commonwealth had hidden from him, Tillery did not exercise due diligence. *E.g.*, Response at 18 ("The alleged factual predicates for petitioner's claims could have been discovered through due diligence many years ago, if they were in fact true."); *see also id.* at 42–44.

This due-diligence argument is foreclosed by controlling precedent. The core holding of the Third Circuit's 2016 en banc ruling in *Dennis* was that "the concept of 'due diligence' plays no role in *Brady* analysis." 834 F.3d at 292. And, in *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274 (3d Cir. 2021), the Third Circuit held that *Dennis's* due-diligence holding applies to the habeas statute-of-limitations due-diligence requirement found in 28 U.S.C. § 2244(d)(1)(D). *Bracey* makes plain that *Dennis* applies the same to the successor-petition due-diligence requirement of § 2244(b) that is at issue in Tillery's case. *Bracey* observed that the due diligence requirements found in § 2244(d) and § 2244(b) were "identically worded," that the text of the phrase "due diligence" was "critical" to its holding, and that identical words in different parts of the same statute are generally given the same meaning. 986 F.3d at 286–87. *Bracey* expressly drew guidance for its holding from § 2244(b). *Id.* at 288. And, in its key passage, *Bracey* stated that "§ 2244(d)(1)(D)'s due diligence requirement—*like other identically worded requirements in AEDPA*—obligates a petitioner to investigate the factual basis for a potential claim only once he has a reasonable expectation that an

4

investigation would produce relevant information," subject to *Dennis's* redefinition of those reasonable expectations to entitle the defense to presume that prosecutors have discharged their absolute duty to disclose. *Id.* at 291 (emphasis added, internal quotation marks and alteration omitted). *Bracey* thus forecloses the prior response's contentions that lack of due diligence dooms Tillery's *Brady* claims and that *Dennis* is irrelevant.

*Fourth* and finally, the prior response argued that the key witnesses' post-trial recantations do not qualify as "new" evidence under *Schlup*. Response at 52. The response asserts that, because Tillery would have known all along he was innocent, he must have known all along that the witnesses against him were lying. Then it asserts that, in a PCRA petition filed long after the trial but before the witnesses recanted, that the witnesses had not fully disclosed their plea deals. From this it argues, "Because petitioner has 'known' the vital facts underlying the recantations for many years, this evidence is not new under *Schlup*." Response at 52 (citation omitted).

This position is precedentially foreclosed as well. Evidence qualifies as new under *Schlup* if it was not available "at trial." *Schlup*, 513 U.S. at 328; *Reeves*, 897 F.3d at 161.[1] The two witnesses' recantations plainly were not available at trial. Whether or not the recantations were available *after* the trial, even for many years, is irrelevant to whether they are "new" under *Schlup*. And if a petitioner's own *knowledge* that he is innocent were enough to exclude *proof* of his innocence from *Schlup* analysis, the actual-innocence

---

[1] Evidence also qualifies as "new" if it was available at trial but was not presented due to trial counsel's alleged ineffectiveness in failing to discover or present it. *Reeves*, 897 F.3d at 164.

5

gateway would cease to be "'a meaningful avenue by which to avoid a manifest injustice.'" *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 327).

### B. A stay to allow voluntary discovery followed by an opportunity to amend, not immediate dismissal, is warranted.

The errors in legal analysis discussed in the preceding section impacted the prior response's ultimate position. The response advanced these positions as reasons why immediate dismissal of Tillery's petition was required. Correcting these errors changes the Commonwealth's position. The Commonwealth has determined after further review of Tillery's case that immediate dismissal is not warranted, and instead that voluntary discovery pursuant to the District Attorney's Office's open-file-discovery policy is appropriate.

In his petition, Tillery raised several claims regarding violations of *Brady v. Maryland*, 373 US 83 (1963), prosecutorial misconduct, and actual innocence. To support his arguments, Tillery included affidavits from two Commonwealth witnesses whose testimony was the only evidence at trial tying Tillery to the murder for which he was convicted. In the affidavits, both witnesses recanted and claimed police and prosecutors had coerced their testimony and that the Commonwealth knowingly presented the perjured testimony at trial while hiding evidence of the coercion. In light of the precedent discussed in the preceding section, Tillery's claims warrant further review. Notably, the recantations by the key prosecution witnesses cannot be considered categorically or inherently unreliable. *See Howell* 978 F.3d at 60. And because Respondents are foreclosed from arguing that Tillery failed to exercise due diligence in discovering the alleged *Brady* viola-

tion for purposes 28 U.S.C. § 2244(b)(2)(B), Tillery potentially meets the requirements for a successive petition. *See Bracey*, 986 F.3d at 286–88. Finally, again because the recantations cannot be viewed as inherently unreliable and because "'due diligence' plays no role in *Brady* analysis," *Dennis*, 834 F.3d at 292, Tillery raises a potentially meritorious argument that the state courts unreasonably denied his *Brady* claim and that his claim has merit.

Because the Commonwealth has determined that the bottom-line position it took in its prior response—immediate dismissal—is incorrect, it is appropriate to enter a stay to allow open-file discovery to proceed. The Commonwealth anticipates that, when this discovery is completed, Tillery will have the opportunity to file a counseled amended petition. At this stage, the Commonwealth takes no position on the ultimate question of whether Tillery is entitled to habeas relief or not.

### C. Conclusion

Because the Commonwealth's prior response contained legal errors, and because after further consideration the Commonwealth has determined that voluntary discovery is warranted, the interests of justice support staying Tillery's case.

                              Respectfully submitted,

                              */s/ Matthew Stiegler*
                              Supervisor, Federal Litigation Unit

                              */s/ Shoshana D. Silverstein*
                              Assistant District Attorney

                              Philadelphia District Attorney's Office

**CERTIFICATE OF SERVICE**

I certify that on the 15th day of December 2021, a copy of the foregoing was served on all counsel of record via the Court's electronic filing system:

Respectfully submitted,

*/s/ Matthew Stiegler*
Supervisor, Federal Litigation Unit