UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTICT OF PENNSYLVANIA

| | |
|---|---|
| MAJOR GEORGE TILLERY<br><br>                    Petitioner<br><br>     v.<br><br>GINA CLARK, *Superintendent, State Correctional Institution at Chester*, et al.<br><br>                    Respondents. | CIVIL ACTION<br><br>No. 20-cv-02675-ABB |

### OPPOSITION TO MOTION TO COMPEL WITHDRAWAL OF COUNSEL

Counsel for Petitioner Joseph Marrone and Michael Pomerantz hereby oppose the Motion to Compel Withdrawal of counsel and in furtherance of such opposition, argue as follows:

In November of 2021, Major Tillery, was a *pro se* Habeas litigant with a life sentence and nearly 40 years of his life already spent incarcerated in Pennsylvania state prison. Tillery had obtained essential recantation evidence that might lead to vacating his conviction. He had successfully gotten over the first hurdle for a successive habeas by obtaining an order for permission to file from the 3rd Circuit. It was at this time that Marrone Law Firm became aware of Mr. Tillery's case through a current client who had an existing relationship with Mr. Tillery. Mr. Marrone made arrangements to meet with Mr. Tillery at SCI Chester. Mr. Marrone agreed to represent.

Mr. Tillery had an interest in the Marrone Law Firm representing Mr. Tillery in connection with his successive habeas petition. Marrone agreed to provide representation for the duration of Tillery's post-conviction litigation and all legal fees and expenses would be differed pending a potential civil case, which would follow if Tillery's post-conviction litigation was

successful. A true and correct copy of the signed fee agreement is attached as Exhibit "A" to this opposition.

Over the next three years, the Marrone Law Firm provided a high level of service that included constant contact with the client, receiving regular phone calls; hundreds of hours of legal research, review of files including police investigation materials and trial transcripts; intensive communication with witnesses such as Bobby Mickens (who was very reluctant to participate); payment of all expenses submitted by Tillery's liaison/investigator. In summary, thousands of hours were committed to Mr. Tillery's representation by three different lawyers and additional staff, all for the purpose of getting Major Tillery out of jail.

Even after the Herculean effort involved in preparing and supplementing Mr. Tillery's second habeas petition was recommended for dismissal by Magistrate Sitarski. In response, Marrone Law Firm again prepared a substantial brief objecting to the report and recommendation. Those objections were completed with substantial input and approval from Mr. Tillery. As of the time of filing this response, the Court has still not issued a decision regarding the objections to Magistrate Sitarski's Report and Recommendation.

During this period of pendency, attorneys from the firm of McEldrew Purtell have entered their appearance on behalf of Mr. Tillery. This at first appears to be a curious development that a habeas litigant would "switch" attorneys while a case was awaiting final decision, no different than a criminal defendant changing lawyers while a jury is deliberating the outcome. It is even more curious that Mr. Tillery never discharged the Marrone firm. There has never been a letter or phone call during which Mr. Tillery stated that he did not want Mr. Marrone to continue representation.

Now, months after entering their appearance, the McEldrew attorneys have filed a Motion to have Mr. Marrone and Mr. Pomerantz forcibly withdrawn from the case. In support of this request, the McEldrew attorneys have presented a printed statement, allegedly signed by Mr. Tillery. It is notable that the signed statement has improperly indicated that Mr. Tillery's first name is George. Tillery's first name is Major. It is also notable that the McEldrew firm has done no meaningful work on the case. They did file an amended set of objections to the Report and Recommendation, but this is little more than a restatement of arguments already fully researched and briefed by the Marrone firm. This filing was merely a way for this firm to create some type of justification for their propped-up appearance.

The McEldrew firm has not performed any work on Mr. Tillery's case. The most effort they have put into the case has been in attempting to remove this case from Mr. Marrone's representation. It is also notable that the McEldrew firm attempted to hire Steven J. Carroll, Esq., who is one of the Marrone attorneys who worked on Mr. Tillery's case, by calling him directly and offering him a job.

In light of these considerations, the Marrone firm requests to maintain its appearance in Mr. Tillery's habeas case and for this Honorable Court to deny the pending Motion.

Date:   July 22, 2025                                  Respectfully submitted,

                                                       MARRONE LAW FIRM

                                       By:    /s/Michael D. Pomerantz
                                              Michael D. Pomerantz, Esquire
                                              Pa Attorney No. 83415
                                              200 South Broad, Ste. 610
                                              Philadelphia, PA. 19102
                                              (215) 732-6700 – Phone
                                              (215) 732-7660 – Fax
                                              mpomerantz@marronelaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have filed the within Opposition to Motion to Compel Withdrawal of Counsel using the Court's Electronic Filing System, making it available for all parties to review.

Date:   July 22, 2025

                                        MARRONE LAW FIRM

                    By:   /s/Michael D. Pomerantz
                               Michael D. Pomerantz, Esquire
                               Pa Attorney No. 83415
                               200 South Broad, Ste. 610
                               Philadelphia, PA. 19102
                               (215) 732-6700 – Phone
                               (215) 732-7660 – Fax
                               mpomerantz@marronelaw.com

# EXHIBIT "A"

LEGAL FEE AGREEMENT PENNSYLVANIA

# RETAINER AGREEMENT

This agreement, dated            20    , is made between

_____ whose

address is_____

referred to as the "Client",

and **_MARRONE LAW FIRM, LLC_** whose address is 200 S. Broad Street, Suite 400, Philadelphia, Pennsylvania 19102 referred to as the "Law Firm."

1. Subject Matter of Agreement.

    a. The law firm will represent the client in the following matter:

    _____

    b. Appeals. This agreement does not obligate the law firm to appeal on behalf of the client. If the client wishes to appeal and the law firm agrees to represent the client, an additional agreement will be entered into for that purpose.

2. Legal Services to Be Provided.

    a.     The legal services to be provided include all necessary court appearances, legal research, investigation, correspondence, preparation of legal documents, trial preparation and all related work required to properly represent the client in this matter.

    b.     The scope of representation shall be limited to (1) assisting with the Conviction Integrity Unit of the Philadelphia District Attorney's Office investigation into the client's potentially wrongful conviction, and (2) the investigation of, and personal representation in connection with, any civil claim or lawsuit arising from a wrongful conviction in the City of Philadelphia.

    c.     The law firm will not provide any additional legal services other than those specified above without first consulting with the client and obtaining authorization from the client.

3. Contingency Fee Arrangement.

If the law firm recovers money for the client that exceeds the client's costs and expenses of litigation, the client will pay the law firm a legal fee based on a percentage of the gross recovery. The legal fee will be calculated as follows: <u>40</u>%. If there is no recovery, then the client would not be responsible for any legal fees.

4. Costs and Expenses Payable by the Client.

    a. Costs to Be Payable to the Law Firm. The client agrees to compensate the law firm for the costs of photocopying, telephone toll charges, postage, messenger service or other out-of-pocket expenses required in the representation of the client.

   b. Other Charges Payable by the Client.

In addition to legal fees, the client is required to pay the following costs and expenses: charges for experts, court costs, fees for accountants or appraisers, fees for services of process, fees for investigators, costs of depositions, messenger service fees, and other necessary expenses in this matter. The firm may also outsource funding for these costs at their sole discretion. If they should outsource this funding, any costs related to this funding will be the responsibility of the Client. _____ (initials)

   c. Payment of Costs by Law Firm. The law firm will pay all costs and expenses of litigation. The client will not be responsible for those costs except to the extent that the law firm recovers money on behalf of the client.

5.   Authorization and Decision-Making.

The law firm is authorized to take all actions that the law firm deems advisable on behalf of the client. The law firm agrees to notify the client promptly of all significant developments in this matter and to consult with the client with respect to any significant decisions related to those developments.

The client shall have the right to settle this matter at any time the client considers to be in the client's best interest.

The law firm is hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement, as authorized by Client, and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could do so in person.

6.   Complete Agreement.

This writing includes the entire agreement between the client and the law firm regarding this matter. This agreement can only be modified with another written agreement signed by the client and the law firm. This agreement shall be binding upon the client and the law firm and their respective heirs, legal representatives and successors in interest.

7.   Signatures.

Both the client and the law firm have read and agreed to this agreement. The Law firm has provided the client with answers to any questions and has further explained this agreement to the complete satisfaction of the client. The client has also been given a copy of this agreement.

_____    _____
                                      Client